Shientag, J.
(dissenting). The gravamen of this complaint, demanding damages for $573,000, is, to quote the language of an affiant on behalf of the plaintiff, “ the misrepresentation by defendants, pursuant to conspiracies among them, of their gross admission receipts from plaintiff’s percentage pictures and their operating expenses,” or, as he puts it elsewhere, “ The issues in this action as to which this inspection is sought are therefore simple: were the box office receipts and expenses misrepresented, and if so to what extent were they misrepresented by the defendants'? ”
In the entire complaint, there is not an allegation of one single instance of a false report, either in receipts or expenses. Even in the affidavits submitted on behalf of the motion for an examination before trial and a discovery and inspection, although there is a general statement of alleged discrepancies and false and fraudulent practices, amounting to a certain sum, no specific instance is given. Nor has there been, as yet in this case, any particularization whatever, by way of bill of particulars or otherwise. Despite all this, an examination before trial and a discovery and inspection of the broadest possible scope have been ordered, the discovery and inspection to proceed either before or at the time of or after the examination before trial.
I shall assume arguendo, for the purposes of this dissent, that the case is the unusual one in which an examination before trial and a discovery and inspection may be ordered in the complete absence of any allegation of specific wrongful conduct. Nevertheless, I am constrained to record my dissent from the unusual and extraordinary scope of the examination and the discovery and inspection ordered below. In a situation such as is here presented, examination before trial and discovery and inspection, in their initial stages at any rate, *1004 should be carefully circumscribed so as to protect the rights of defendants against whom thus far only the broadest and most general allegations of wrongdoing have been made.
The order is justified, in the opinion of the majority of the court, on the ground that the contracts with the various parties involve the keeping of records which are subject to inspection. The exercise of the right of inspection depends upon the character of the contractual arrangements made with each defendant. Many of them did not have contracts for which it was necessary to give statements of expenses. This order makes no distinction between the various contractual obligations and duties of the defendants but lumps them all together because of a broad allegation of conspiracy without facts to support it. It compels the defendants to reveal all their business for a period of six years, even though the greater part of the details of their business is not relevant to any contractual claim which the plaintiff could possibly have against them.
It is also charged that a preliminary inspection has shown that a large sum of money is due from the defendants. I find no admission of discrepancies in the figures such as is charged. On the contrary, the general charge made in the affidavits in support of this motion is strongly denied, with the exception of about $5,000 which was discovered by the defendants’ own accountant and which the record indicates was, without any admission of liability, as charged, offered to the plaintiff before the beginning of this action. Moreover, there is nothing in the papers to indicate which of the defendants were responsible for the large discrepancies charged, and during what period of time they are alleged to have occurred.
It would serve no useful purpose to detail, as a dissenting judge, the specific modifications that, in my opinion, should be made in the order below. But, generally speaking, such modifications may be grouped under three categories:
(1) The examination before trial and discovery and inspection should not be for a period of six years, but should be limited in the first instance to a period of not exceeding one year, to be selected by the plaintiff. If the results indicate the necessity for an amplification, that may be done by additional application to the court.
(2) All items with respect to income tax returns and accountant’s reports in connection therewith should be eliminated. To allow such items, in my opinion, is improper in anticipation not alone of any determination of wrongdoing but of any specific allegation of wrongdoing.
(3) The examination and the discovery and inspection should, in the first instance, in all respects be limited to such statements of receipts and expenses as were submitted to the plaintiff by or on behalf of the respective defendants which related to the pictures of the plaintiff exhibited by each defendant. Such examination and inspection should cover a reasonable period before and after the submission of such statements or the exhibition of such pictures. Certainly at this stage of the proceedings there is no basis for any all-inclusive inspection and discovery of every book, paper and record in connection with every item of business done by each and every defendant for a period of six years, irrespective of statements submitted or pictures of plaintiff exhibited.
The order should be further modified as above noted.
Peek, P. J., Glennon, Dore and Cohn, JJ., concur in Per Curiam opinion; Shientag, J., dissents in opinion.
Order modified by providing that the expenses of the reference be borne in the first instance by the plaintiff and assessed as costs in the judgment, as the trial court may deem proper and, as so modified, affirmed, with costs to the respondents. Settle order on notice.